| SENNETT *against* BUCHER.

IN ERROR.

in legal contemplation, the right of possession is in the lessor, as against a third person, until the contract is consummated by the entry of the lessee upon the premises leased. When the entry is made, such right of possession is transmuted from the lessor to the lessee as will enable the latter to maintain ejectment, under the act of 1806, or at common law. Before entry, the lessee cannot maintain such action.

In an action of ejectment, brought by a lessor against a lessee, where the matter in controversy was, whether the lease to the defendant was made for one year, or three years and the plaintiff had, by one witness proved that the lease was for one year, at one hundred dollars per annum and the defendant had proved that this witness and the plaintiff, had repeatedly declared, that the lease was for three years, it is competent for the defendant to prove, that for a single year, the premises were not worth fifty dollars, and that for a lease of three years the premises might have been worth about one hundred dollars per annum.

ERROR to the district court of *York* County. *John Bucher* the defendant in error brought an action of ejectment against *John Sennett*, for a mill and three acres of land, which he alleged, he had leased to him for one year, which had expired: and gave the following evidence by *Joseph Bucher* the plaintiff's nephew.

"I was present in March 1830, when *Bucher* and *Sennett* made their bargain. The bargain was that *Sennett* was to have the mill, and the house in which the miller lived for one year, to commence on the 1st of April, 1830, at a rent of one hundred dollars—*Sennett* to keep up all the repairs at his expense, and to gravel the dam, and *Bucher* to find all timber for the repairs. I made a memorandum of this; but *Sennett* left the house before I had finished the writing. This writing was never signed. *Sennett* took possession of the mill; and is there still. I do not know that *Sennett* saw or read the writing which I had made.

The plaintiff then rested.

The defendant proved by *Jacob Kirk*, the subscribing witness, the execution of a lease of the premises in controversy by *John Bucher* to *Jacob Noss* for one year from the first day of April 1831, and offered the same in evidence to wit: lease dated the 17th of Dec. 1830, by which *Bucher* demises the premises to *Noss* for one year from the 1st of April, 1831, at which time possession will be given to *Noss* for one hundred and fifty dollars per year, payable quarterly."

This evidence was objected to by the plaintiff, and rejected by the court, and an exception taken by the defendant.

The defendant then offered to prove, that the witness of the plaintiff, *Joseph Bucher*, in conversations respecting said lease, declared repeatedly, that it was a lease for three years and that the

(Sennett *v.* Bucher.)

plaintiff had also declared that it was for a period of three years. And also to prove that the mill and premises were in bad condition, that for a single year they would not have been worth a rent of fifty dollars, that the defendant made valuable and permanent repairs, at great expense upon the premises, under the eye and with the knowledge and consent of the plaintiff, and that for a lease of three years, the premises might have been worth about 100 dollars per year, That while these improvements were making *Bucher* was present and said that *Sennett* should have the property for three years." This evidence was objected to, and the court rejected the testimony offered, that for a single year the premises would not have been worth a rent of fifty dollars, and that for a lease of three years, they might have been worth about one hundred dollars per year, and received the residue of the testimony offered: to which the defendant excepted, and the court sealed a bill.

The defendant then gave in evidence various declarations of the plaintiff going to shew that the lease was for three years and the plaintiff gave testimony to rebut this.

The jury found a verdict for the plaintiff: and error was now assigned in the rejection of the evidence contained in the two bills of exception sealed by the court.

*Durkie* and *Lewis* for the plaintiff in error.

*Evans* and *Gardner* for the defendant in error.

The opinion of the court was delivered by

Rogers, J.—At the common law no lease for years, whether it were with or without, any reservation of rent, was looked upon as complete, till an actual entry by the lessee; for although the lessor had done all in his power to perfect the contract, so that he could not in any way derogate from or avoid it, yet till there was a transmutation of the possession by the actual entry of the lessee, it wanted the chief mark and indication of his consent, without which it was thought unreasonable to adjudge the lessee, in the actual possession, to all intents and purposes; since it might so happen, as is said in 4 *Bac. Ab. Title, Leases and Terms for Years,* 182, that such lease was made in the absence of the lessee: and when he knew nothing about it, and perhaps might be greater, than he would be willing to take; or the estate might be so incumbered, as to bring a load upon him rather than an advantage. For these reasons, among others the law would not cast the immediate and actual possession upon him, *nolens volens;* and therefore it was that till actual entry, the lessee could not maintain an action of trespass or ejectment, because these actions, complaining of an immediate

50

(Sennett *v.* Bucher.)

violation of the possession, could not be proper, for him, who had no actual possession, 4 *Bac. Ab.* 182, and the authorities there cited. The defendant for the purpose of defeating the plaintiff's action, offered a lease, of the premises in controversy to *Jacob Noss*, but without offering to show that *Noss* had entered in pursuance of the lease, and by this means perfected his title. It cannot be doubted, that either *Bucher* or *Noss* had a right to the possession, on the supposition, that the previous lease, to the defendant had expired. *Noss* having failed to perfect his title, the right of action, remains in the lessor. When a lessor, fails, to deliver the premises according to contract, the lessee has two remedies, either a suit against the lessor on his covenant, or he may, if he thinks proper, enter and recover the term. *Noss* makes no difficulty, and the objection sounds ill in the mouth of the defendant, who received the term from the plaintiff, and perhaps it would be no strained presumption to suppose that the ejectment is brought to enable *Bucher* to comply with his contract. That this is the doctrine of the common law, cannot be disputed, and in the opinion of the court, the Act of the 21st March, 1806, makes no change in this particular. The act was introduced, to alter the form of the action by abolishing the fiction of lease, entry and ouster, but was not introduced to change the essential principles, pertaining to the action of ejectment. Such a construction is not necessary to effectuate the object of the legislature. In legal contemplation the right to the possession, is in the lessor as against a third person, until the contract is consummated by the entry of the lessee. When entry is made, such a right of possession is transmuted from the lessor to the lessee, as will enable the latter to maintain ejectment, under the act of 1806, and at common law.

But another point has been ruled by the court in which we do not concur. I refer to the rejection, of the evidence, of the value of the premises. The propriety of the decision has been supported because as the plaintiff says, the evidence goes to alter the contract; and if it did, it would not be easy to answer the argument, but when we take into view, that the great point here, was, what *was* the contract, it is not in our opinion open to that objection. The matter in controversy was, whether the lease to the defendant was made for one or three years. On the decision of this point, the verdict depended. The plaintiff proved by one witness, that the lease was for one year, and the defendant proved that the witness, and the plaintiff, had repeatedly declared, that the lease was for three years, and then offered to prove, that for a single year, the premises were not worth fifty dollars, much less one hundred dollars, the rent reserved, but that a lease for three years, would be worth one hundred dollars a year. In a doubtful case as this is,

(Sennett *v.* Bucher.)

the testimony if received, would and ought to have been entitled to some weight with the jury. We are to suppose that men in making contracts, unless there is proof to the contrary, act reasonably, and therefore, we would rather incline to credit a witness, who deposes that the contract was such, as a prudent man would make, rather than him, whose testimony is at war, with the usual motives and conduct of men. A rents a house to B, by parol, and a difficulty arises, about the quantum of rent. The lessor gives proof, that the lessee agreed to give five hundred dollars a year rent, and the lessee that the contract was, that he should give but one hundred dollars, surely it would be pertinent evidence, and I think entitled to great weight, to shew that the property was worth six hundred dollars, or in another view of the case that it was not worth more than one hundred dollars. Such testimony, in a nicely balanced cause, would in all probability be decisive of the controversy; but certainly it should be submitted to the jury for as much as it was worth. I repeat that such testimony is only proper, when the point is to ascertain what the contract is, and shall in no case be allowed to alter the contract, and this is the distinction With this qualification, it is not liable to objection, on the contrary, it will serve to answer the purposes of justice, by assisting as I believe in the ascertainment of the truth of the transaction.

Judgment reversed and a *venire de novo* awarded.